

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EAG/JDG
F.# 2004R00526

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 5, 2012

By ECF

The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

       Re:  United States v. Gaetano Fatato
           Criminal Docket No. 04-197 (KAM)

Dear Judge Matsumoto:

      The government respectfully submits this letter to supplement its motion dated January 16, 2009, pursuant to Section 5K1.1 of the United States Sentencing Guidelines (the "Guidelines") and Title 18, United States Code, Section 3553(e) (the "January 16, 2009, 5K Motion").  As set forth in the January 16, 2009, 5K Motion, the government moves the Court, in its discretion, to impose a sentence below the applicable Guidelines range and mandatory minimum sentence due to Gaetano Fatato's substantial assistance to the government.  Fatato is scheduled to be sentenced on September 20, 2012 at 11:00 a.m.  The government now writes to detail Fatato's cooperation since the government submitted the January 16, 2009, 5K Motion.

I.   Additional Information About Fatato's Cooperation

      Fatato's cooperation has continued since submission of the January 16, 2009 5K Motion.  Set forth below are details about his cooperation since that time.

The Honorable Kiyo A. Matsumoto
September 5, 2012
Page 2

 A. <u>Colombo Organized Crime Family</u>

  As detailed in the January 16, 2009 5K Motion, Fatato has provided substantial cooperation in the government's longstanding investigation into the Colombo organized crime family (the "Colombo family") of La Cosa Nostra ("LCN"). Between October 2005 and September 2007, Fatato made nearly 250 consensual recordings of Colombo family members and associates, including Colombo family underboss John "Sonny" Franzese, captains Michael Uvino and Michael Catapano, inducted members Paul Bevacqua, Frank Campione and Frank Sciortino and numerous Colombo family associates such as Michael Persico, Christopher Curanovic and Orlando Spado.

  1. <u>United States v. Curanovic, et al.
08 CR 240 (BMC)</u>

  Franzese, Catapano, Campione, Curanovic, Spado and others were arrested in June 2008, based, in large part, on information provided by Fatato and recordings Fatato made during his cooperation. Catapano pleaded guilty to two counts of extortion, in violation of 18 U.S.C. § 1951(a), and one count of narcotics conspiracy, in violation of 21 U.S.C. § 846 and was sentenced to 78 months' imprisonment. Campione pleaded guilty to one count of extortion, in violation of 18 U.S.C. § 1951(a), and was sentenced to 37 months' imprisonment. Spado pleaded guilty to one count of robbery conspiracy, in violation of 18 U.S.C. § 1951(a), and one count of possession of a firearm, in violation of 18 U.S.C. § 924(c), and was sentenced to five years and 60 days' imprisonment. Franzese and Curanovic proceeded to trial.

  In the months before the <u>Curanovic</u> trial, Fatato prepared for his testimony during sessions with the government, listened to hours of consensual recordings that he had made as part of his cooperation and reviewed transcripts of several of those recordings for accuracy. While Fatato was not ultimately called to testify at the <u>Curanovic</u> trial, recordings he had made were admitted against the defendants. Specifically, the government admitted recordings Fatato made of Curanovic in which Curanovic discussed his and Spado's participation in a violent home invasion robbery, as well as recordings Fatato made of Franzese and others about Franzese's participation in loansharking. At the conclusion of trial Curanovic and Franzese were convicted of racketeering conspiracy and related crimes. Curanovic was later sentenced to 114 months' imprisonment and Franzese to 96 months' imprisonment.

The Honorable Kiyo A. Matsumoto
September 5, 2012
Page 3

      2.   United States v. Persico, et al.
          10 CR 147 (SLT)

As part of his cooperation, Fatato made consensual recordings of Michael Persico and others discussing Michael Persico's significant role in the Colombo family. While Michael Persico pleaded guilty shortly before trial was scheduled to commence, had he proceeded to trial, the government intended to introduce some of those recordings in its case in chief against Persico and others.

  B.   United States v. Christian Tarantino
      08 CR 655 (JS)

Throughout his cooperation, Fatato has provided information to the government about the August 1994 murder of Louis Dorval, a friend and former criminal associate, as well as Dorval's involvement in a June 1994 armored car robbery in Manhasset, New York, during which a security guard, Julius Baumgardt, was killed. Fatato began providing information about these murders during his cooperation with the United States Attorney's Office for the District of New Jersey in the 1990s, long before he began cooperating with this Office. Fatato's information contributed to the indictment of Christian Tarantino in the Eastern District of New York in September 2008 for these two murders, as well as for an additional murder, of Vincent Gargulio.

In connection with the prosecution of Tarantino, Fatato testified at a pre-trial hearing, pursuant to United States v. Mastrangelo, 693 F.2d 269 (2d Cir. 1982), in February 2011 regarding certain statements made by Dorval to Fatato. After the hearing, the Court ruled that the government was entitled to introduce statements made by Dorval through Fatato and other witnesses at the trial against Tarantino. In April 2011, Fatato testified at the trial against Tarantino. In preparation for his testimony at the Mastrangelo hearing and trial, Fatato met with the government on several occasions, often for many hours. On all these occasions, Fatato accommodated the government's schedule, exhibited a positive attitude and was focused on the task of preparing to testify. The government was also successful in introducing at trial much of Fatato's information regarding Tarantino's other criminal conduct, pursuant to Rule 404(b) of the Federal Rules of Evidence. In May 2011, Tarantino was convicted of the murder of Baumgardt, as well as the obstruction-

The Honorable Kiyo A. Matsumoto
September 5, 2012
Page 4

of-justice murder of Dorval.[1]  Tarantino has not yet been sentenced, but faces a mandatory sentence of life in prison.

    C.    United States v. Anthony Romanello
          10 CR 929 (ILG)

As part of his proactive cooperation, Fatato made two consensual recordings of Anthony "Rom" Romanello, a soldier in the Genovese organized crime family of LCN ("Genovese family"). On one occasion, Romanello and then Colombo family underboss Franzese discussed several high-ranking members of the Genovese family and Fatato's proposed membership into the Colombo family. Significantly, Romanello advised Franzese that he would support Fatato's membership in the Colombo family, thereby assisting in satisfying a requirement that all five New York City-based LCN families approve of an individual's induction into an LCN family. Fatato was prepared to testify in a trial against Romanello, particularly about Romanello's continued association with LCN and his participation in the affairs of the Genovese family, thereby refuting a potential statute of limitations defense.  Fatato's testimony was ultimately not needed because Romanello pleaded guilty in January 2012 to racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), and was later sentenced to a term of probation.

II.  Conclusion

As described above, Gaetano Fatato has provided substantial assistance to the government.  Therefore, the government respectfully submits this letter in further support of its motion pursuant to Section 5K1.1 of the Guidelines and 18 U.S.C. § 3553(e), to permit the Court, in its discretion, to

---

[1]    After the jury could not reach a verdict as to the murder of Garguilo, Tarantino was retried and convicted of that murder in May 2012.  While Fatato was not called to testify at the retrial, he was prepared to do so if called.

The Honorable Kiyo A. Matsumoto
September 5, 2012
Page 5

depart downward from the applicable Guidelines range and mandatory minimum sentence when sentencing Fatato.

                                          Respectfully submitted,

                                          LORETTA E. LYNCH
                                          United States Attorney

                              By:  /s/_____
                                          Elizabeth A. Geddes
                                          James D. Gatta
                                          Carrie N. Capwell
                                          Assistant U.S. Attorneys

cc:   Eric Creizman, Esq.
      Clerk of the Court (KAM) (by ECF)